UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KARRI M. CONLEY,

       Plaintiff,

v.

Case No.: 5:25-cv-375-PGB-PRL

DAVID LEE HOARD,

       Defendant,
_____/

ORDER

Plaintiff Karri M. Conley, who is proceeding *pro se*, filed this action against David Lee Hoard, purporting to allege various claims related to "targeted gang related hate crimes" that she claims have "ruined [her] life." Plaintiff has moved to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend her complaint if she can do so in good faith.

    I.    **Legal Standards**

An individual may be allowed to proceed *in forma pauperis* if the individual declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, or "fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at n.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Federal Rule of Civil Procedure 8 and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Rule 8, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## II. Discussion

Plaintiff's complaint is difficult to decipher. The Complaint lists thirteen violations on the first page (Doc. 1 at 2):

- Violation of Civil Rights
- Violation of Constitutional Rights

- Aggravated Burglary with theft of medications
- Aggravated Voyeurism of the Disabled
- Aggravated Mail/Bank Fraud
- Aggravated Food Stamp Fraud
- Aggravated Hacking
- Aggravated Identify Theft
- False Imprisonment
- Gang related hate crimes with sexual assault
- Unlawful eviction with conspiracy to deal in stolen property
- Terrorism
- Aggravated Stalking.

The complaint provides no further details regarding these violations. The complaint then rambles over fifteen pages without stating which allegations support which of the listed violations. Moreover, while only one defendant is listed in the case style—David Lee Hoard—the complaint identifies numerous other people who purportedly "conceived" of "the targeted gang related hate crimes that have ruined [her] life." (Doc. 1 at 3). Then, at the end of the complaint, more than seventy individuals, including Hoard, are listed. (Doc. 1 at 15-17). It is unclear whether Plaintiff is seeking relief solely against Hoard or whether she is also attempting to allege claims against the other individuals included in the complaint. As a result, the Court cannot discern against whom Plaintiff is attempting to bring suit and for what alleged actions.

As noted above, Plaintiff is proceeding *pro se* in this action. Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). Here, Plaintiff's complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* at 10(b). At the most basic level, Plaintiff has failed to state the legal theory or theories upon which she seeks relief and has failed to explain how each defendant is responsible. Moreover, Plaintiff has failed to include a short and plain statement of the grounds upon which the court's jurisdiction depends as required in Fed. R. Civ. P. 8(a)(1).

Moreover, subject matter jurisdiction is a threshold issue in any case pending in a United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.1994)). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir.2000). Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction.

Diversity jurisdiction requires that the action be "between ... citizens of different States...." and the matter in controversy must exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a)(1). Here, Plaintiff has failed to establish diversity of citizenship between herself and the only named Defendant –David Lee Hoard—as she alleges that they both live in Florida. Thus, it does not appear that diversity jurisdiction is applicable.

This leaves federal question jurisdiction which exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law. *Southpark Square Ltd. v. City of*

*Jackson*, 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978). While Plaintiff lists "violation of civil rights" and "violation of constitutional rights," she does not identify any specific federal statute or constitutional right that was purportedly violated.

To the extent Plaintiff is attempting to bring a claim under 42 U.S.C. § 1983, she has failed to state a claim. As a general matter, § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted). To state a claim for relief under § 1983, a plaintiff must allege that (1) the defendant deprived her of a right secured under the Constitution or federal law; and (2) that such a deprivation occurred under the color of state law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). "In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a §1983 cause of action against a defendant." *Allen v. John,* Case No. 3:18-cv-1310-J-32JBT, 2019 WL 13440551, at *3 (M.D. Fla. July 15, 2019). As noted above, Plaintiff fails to identify any right arising under the Constitution or federal law that Defendant has allegedly violated. Likewise, Plaintiff does not allege any facts suggesting that Defendant Hoard is a state actor.

Finally, it appears that Plaintiff is attempting to bring claims under various criminal statutes. While Plaintiff does not identify the specific statutes at issue (and whether they are federal), it is worth noting that criminal statutes typically do not create a private cause of action. Accordingly, to the extent that Plaintiff is purporting to allege a claim under a federal criminal statute, it likely cannot provide a basis for this Court to exercise jurisdiction.

Given these issues, the Court seriously questions whether Plaintiff can state a viable cause of action over which this Court has subject matter jurisdiction. However, in an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended

complaint on or before **July 18, 2025**. The Court will take Plaintiff's motion to proceed in forma pauperis (Doc. 2) **under advisement** pending the filing of an amended complaint.

Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how each defendant is responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10(a).

Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/litigants-without-lawyers).

**DONE** and **ORDERED** in Ocala, Florida on June 24, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties

Case 5:25-cv-00375-PGB-PRL    Document 5    Filed 06/24/25    Page 7 of 7 PageID 88